# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2010

Lyle W. Cayce
Clerk

No. 09-50832
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAZAR JUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-220-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Subsequent to his guilty-plea conviction of one count of illegal reentry into the United States following a prior deportation, Eliazar Juarez was sentenced, *inter alia*, to 41 months' imprisonment.

Juarez challenges only the substantive reasonableness of his sentence, asserting it was unduly harsh because the court gave his prior convictions too much weight when considering the 18 U.S.C. § 3553(a) sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arguably, Juarez failed to preserve this issue in district court. We need not decide that question, however, because his claim fails under the abuse-of-discretion standard of review applied to properly preserved challenges to the reasonableness of a sentence, as discussed below.

Although post-*Booker* (2005), the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). As noted, Juarez does not claim procedural error in calculating his sentencing range.

A properly calculated within-guidelines sentence, as in this instance, is presumed reasonable. *United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 54 (2009); *see also United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). To rebut that presumption, Juarez must show the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor", or made "a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, No. 09-9216, 2010 WL 637943 (22 Mar. 2010).

Juarez has not met this standard. His claims concerning the district court's balancing of the § 3553(a) factors amount to a disagreement with the district court's weighing of these factors and the appropriateness of his within-guidelines sentence. This disagreement does *not* suffice to show error in connection with his sentence. *See id.*; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (upholding presumption of reasonableness of within-guidelines sentence where appellant claimed Guidelines overstated the

2

seriousness of his offense).    He has not shown that his sentence was substantively unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Armstrong*, 550 F.3d at 404.

AFFIRMED.